# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOHN PATRICK BRUMFIELD**                              **CIVIL ACTION**

**VERSUS**

**NO. 19-293-JWD-RLB**

**HOME DEPOT U.S.A., INC., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 11, 2019.

                                                                                  _____
                                                                                  **RICHARD L. BOURGEOIS, JR.**
                                                                                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN PATRICK BRUMFIELD                         CIVIL ACTION

VERSUS

                                               NO. 19-293-JWD-RLB

HOME DEPOT U.S.A., INC., ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*.[1]

On May 9, 2019, the defendant Home Depot U.S.A., Inc. ("Home Depot") removed this action from the 20th Judicial District Court, West Feliciana Parish, Louisiana. (R. Doc. 1). In support of its assertion that there is diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, Home Depot states that Plaintiff is a citizen of Louisiana, Home Depot is a citizen of Delaware and Georgia, and Weber-Stephen Products, LLC ("Weber") is a citizen of Delaware and Illinois because it "is a limited liability company formed under the laws of the State of Delaware with a principal place of business in Illinois." (R. Doc. 1 at 3).[2]

On May 22, 2019, the Court issued a *sua sponte* order pursuant to 28 U.S.C. § 1653 stating that Home Depot did not correctly identify the citizenship of Weber's members. (R. Doc. 4). The Court ordered Home Depot to identify all of Weber's members for the purpose of establishing that there is in fact complete diversity between the parties by June 10, 2019. (R. Doc. 4 at 2).

---

[1] After the Court ordered the removing defendant to file an amended notice of removal, and after defendant indicated an inability to do so, Plaintiff filed a Motion to Remand. (R. Doc. 6). Although the Court agrees with the position set forth in that motion, the instant Report and Recommendation is based on the Court's own responsibility to ensure that federal jurisdiction is appropriately exercised.

[2] Home Depot also asserts that the remaining defendant, Ducane Gas Grills, Inc., filed for bankruptcy, was partially acquired by Weber at a bankruptcy sale in 2004, and the remainder of the company was dissolved. (R. Doc. 1 at 3).

On May 30, 2019, Home Depot submitted a letter stating that it "is unable to amend the notice of removal to provide the citizenship of defendant, Weber-Stephen Products, LLC, by setting forth all citizenship particulars required of each of Weber-Stephens' members to sustain federal diversity jurisdiction" as ordered by the Court. (R. Doc. 5).

Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000. . . and is between citizens of different States."  Diversity jurisdiction exists only when there is "complete diversity" between the parties. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).  "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). "The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction; and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (internal citations omitted).

The citizenship of a limited liability company is determined by the citizenship of each of its members, not the state under whose laws it is organized, the location of its principal place of business, or its authorization to do business in a certain state. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  When members are themselves limited liability companies, the citizenship must be traced through however many layers of members there may be. *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007).

Home Depot has represented that it is unable to set forth the foregoing citizenship particulars with respect to Weber.  Accordingly, Home Depot has not established that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Based on the foregoing,

**IT IS RECOMMENDED** that this action be **REMANDED** to the 20th Judicial District Court, West Feliciana Parish, Louisiana. It is further recommended that the pending Motion to Remand (R. Doc. 6) be denied as moot.

Signed in Baton Rouge, Louisiana, on June 11, 2019.

*[signature]*

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

3